UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSHUA BLOCKER,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL OFFICER JOEL SOLIS, et al.,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | NO. CV 20-11764-MWF (AGR)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT RECOMMEND (1) DENIAL OF REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES; AND (2) DISMISSAL OF COMPLAINT AS BARRED BY STATUTE OF LIMITATIONS |

    The court orders Plaintiff to show cause on or before **February 4, 2021**, why this court should not recommend dismissal of his complaint as barred by the statute of limitations and denial of his request to proceed without prepayment of filing fees.

# I.
## PROCEDURAL HISTORY

On December 23, 2020, Plaintiff, a state prisoner housed at California Mens Colony ("CMC"), constructively filed a civil rights complaint under 42 U.S.C. § 1983 alleging Eighth Amendment claims based on an incident on September 23, 2016. He names four correctional officers as defendants: J. Solis, J. Clark, R. Chirinos, and J. Galapon.

# II.
## ALLEGATIONS OF COMPLAINT

The complaint stems from one incident on September 23, 2016. Defendant Clark approached Plaintiff's cell for phone sign-up. Plaintiff requested a 5:45 time slot and went back to bed. Clark remained standing at the door. Plaintiff asked, "Is there a problem?" Clark responded: "So you're snitching now?" Clark spoke loud enough so that other inmates could hear, which was dangerous. Plaintiff started kicking the door and yelling that he was suicidal. When Plaintiff was ignored, other inmates started yelling "mandown in Cell #130." (Compl. at 5-5a.)

Defendant Galapon approached and asked what the problem was. Plaintiff said he was suicidal and needed to speak to a doctor. Galapon ignored Plaintiff's request and went back to his seat. (*Id.* at 5a-5b.)

Plaintiff started kicking the door. Defendants Clark and Solis came to the door and told Plaintiff to cuff up. Fearing for his safety because of Clark's prior comments and previous interactions with him, Plaintiff refused and told them to call a sergeant or a psych tech to witness him being cuffed up and taken out of his cell. Clark came in to the cell and tried to grab Plaintiff's left wrist. Plaintiff pulled free and put his hands behind his back. Both Clark and Solis rushed into the cell. Plaintiff retreated, tripped over the toilet and landed towards the bottom bunk. Clark landed on top of him and started punching his head, ribs and back. Solis pepper sprayed him. Plaintiff was placed in handcuffs. (*Id.* at 5b-5c.)

Defendant Chirinos entered the cell and asked Solis about the blood on him. Solis lied that Plaintiff punched him. Chirinos started kicking, kneeing and punching Plaintiff while he was in restraints. The assault stopped when other officers arrived. Officers carried him out and dropped him on the dayroom floor. When inmates made a commotion, the officers took him out to building two, put him in a wheelchair and took him to a holding cell without decontamination or medical evaluation. Plaintiff was unable to breathe from the pepper spray and went "man down" again. Psych tech Chavez brought Plaintiff's inhaler and Plaintiff was decontaminated. (*Id.* at 5c-5d.)

Plaintiff alleges two claims for excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment. (*Id.* at 5.) He seeks damages and punitive damages. (*Id.* at 6.)

### III.

### STATUTE OF LIMITATIONS

It appears that Plaintiff's suit is barred by the statute of limitations on the face of the complaint. *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 969 (9th Cir. 2010).

Federal courts apply the forum state's analogous statute of limitations to § 1983 claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). In California, the applicable limitations period is two years. Cal. Civ. Proc. Code § 335.1. Federal courts also apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *Fink*, 192 F.3d at 914.

Federal law, however, governs when a claim accrues. *Id.; Wallace*, 549 U.S. at 388. "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). Thus, an action ordinarily accrues on the date of the injury. *Id.* "'The cause of action accrues even though the full

extent of the injury is not then known or predictable.'" *Wallace*, 549 U.S. at 391 (citation omitted).

Plaintiff's complaint arises from the incident on September 23, 2016. Any § 1983 claim arising from this incident accrued on that date because Plaintiff was aware of his injuries at that time. *See Belanus*, 796 F.3d at 1025. The statute of limitations expired two years later, on September 23, 2018. Even assuming Plaintiff has been incarcerated from September 23, 2016 through the filing of the complaint for a term less than life, and is therefore entitled to two years of statutory tolling under Cal. Civ. Proc. Code § 352.1(a), the statute of limitations expired on September 23, 2020.

Accordingly, Plaintiff's complaint is barred by the statute of limitations. The complaint does not indicate any basis for tolling the statute of limitations.

## IV.

## ORDER

For the foregoing reasons, IT IS ORDERED THAT Plaintiff shall show cause in writing, by no later than **February 4, 2021**, why the court should not recommend that the complaint be dismissed as barred by the statute of limitations and that Plaintiff's request to proceed without prepayment of fees be denied.

If Plaintiff fails to file a response to this order to show cause on or before **February 4, 2021**, this court may recommend that the complaint be dismissed as barred by the statute of limitations and Plaintiff's request to proceed without prepayment of fees be denied.

DATED: January 4, 2021

_____
ALICIA G. ROSENBERG
United States Magistrate Judge