1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

11    JOSHUA BLOCKER,                    Case No. CV 20-11764-MWF (AGR)

12              Plaintiff
                                         **ORDER ACCEPTING REPORT**
13         v.                            **AND RECOMMENDATION OF**
                                         **UNITED STATES MAGISTRATE**
14    JOEL SOLIS, et al.,                **JUDGE**

15              Defendants.

16

17         Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the

18    Motion for Judgment on the Pleadings ("Motion"), the Report and Recommendation

19    of the United States Magistrate Judge recommending granting the Motion ("Report,"

20    Docket No. 59), Plaintiff's Objections to the Report ("Objections," Docket No. 62),

21    Defendants' Response to the Objections ("Response," Docket No. 63), and other

22    relevant records on file.

23         Preliminarily, the Court notes that although styled as "Objections," Plaintiff

24    appears to oppose Defendants' Motion rather than object to the Report.  (*See, e.g*.,

25    Docket No. 62 at 1-3 (stating that "Defendants contend[]" and "Defendants also

26    contend," and then responding to each contention).  However, as noted in the Report

27    and Defendants' Response, the Magistrate Judge twice extended Plaintiff's time to

28    file an opposition to the Motion, but no such opposition was ever filed.  (Docket No.

1   59 at 2, 5 & n.3 (noting that failure to oppose a motion may be deemed consent to

2   granting it); Docket No. 63 at 2-3).  Moreover, Plaintiff's failure to identify any

3   particular portion of the Report to which he objects is fatal to the Objections and his

4   Complaint.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The statute [pertaining

5   to objections review] does not on its face require any review at all, by either the

6   district court or the court of appeals, of any issue that is not the subject of an

7   objection.").

8        Regardless, giving Plaintiff the benefit of the doubt, the Court construes his

9   belated responses to Defendants' arguments in their Motion as objections to the

10  Report and, although not required even so construed, briefly discusses Plaintiff's

11  two points.  *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the

12  district court ha[s] no obligation to provide individualized analysis of each

13  objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a

14  cursory district court order summarily adopting, without addressing any objections,

15  a magistrate judge's report and recommendation).

16       First, Plaintiff contends that his excessive-force claims are not barred by *Heck*

17  *v. Humphrey*, 512 U.S. 477 (1994) because the results of his disciplinary

18  proceedings would not and could not end with a guilty verdict in criminal court.

19  (Docket No. 62 at 1-2).  But, as explained in the Report, under Supreme Court law

20  "[t]he *Heck* bar applies to prison disciplinary convictions that resulted in loss of

21  good-time credits."  (Docket No. 59 at 7 (citing *Edwards v. Balisok*, 520 U.S. 641,

22  646 (1997)).  The Report then went on to provide a detailed analysis of how

23  Plaintiff's "excessive[-]force claims cannot coexist with his prison disciplinary

24  finding" and thus success on those claims would necessarily invalidate the

25  disciplinary conviction and credit forfeiture in violation of *Heck*.  (Docket No. 59 at

26  7-12 (internal quotation marks and citation omitted)).  Plaintiff has failed to

27  overcome that conclusion.

28  ///

2

Second, Plaintiff appears to contend that he is the member of a protected class as he is a part of a mental-health program, and once he makes staff members aware of his suicidal ideations they must alert a crisis unit and place him in a holding module. (Docket No. 62 at 2). The Court declines to address the argument because it relies on facts not alleged in the Complaint, now brought for the first time over a year after Defendants' Motion was filed, and over three years since the Complaint was filed. (Docket Nos. 1, 45, 62). It is simply too late to raise a new claim. *See, e.g., Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (district court is not required to consider evidence presented for the first time in objections); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (generally, the court must limit its review to the operative pleading); *Lutz v. Valenzuela*, No. CV 11-104-CBM PJW, 2013 WL 5539551, at *3 n.6 (C.D. Cal. Oct. 3, 2013) (electing not to consider arguments and evidence raised for the first time in objections "in light of the fact that this case is almost three years old and discovery has closed").

The objections are overruled.

**IT IS THEREFORE ORDERED** that:

(1) The Report is **ACCEPTED** and adopted as the Court's own findings and conclusions;

(2) Defendant's Motion (Docket No. 45) is **GRANTED**; and

(3) Judgment be entered **DISMISSING** this action, without prejudice as to the excessive-force claims against Defendants Solis, Clark, and Chirinos, and with prejudice as to the deliberate-indifference claim against Defendant Galapon.

Dated: March 25, 2024

MICHAEL W. FITZGERALD
United States District Judge

3